

**FILED**

FEB 17 2016

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

     v.

NEKEYNA HARDY,
    also known as "Keefy"

No. 15 CR 381

Judge James B. Zagel

## PLEA AGREEMENT

1.    This Plea Agreement between the United States Attorney for the Northern District of Illinois, ZACHARY T. FARDON, and defendant NEKEYNA HARDY, and his attorney, ROBERT CLARKE, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

## Charges in This Case

2.    The indictment in this case charges defendant with one count of possession with intent to distribute a controlled substance, namely, a quantity of heroin, in violation of Title 21, United States Code, Section 841(a)(1).

3.    Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4.    Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

1.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the charge set forth in the indictment, which charges defendant with knowingly and intentionally possessing with intent to distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## Factual Basis

2.      Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

On or about April 27, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, NEKEYNA HARDY did knowingly and intentionally possess with intent to distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

Specifically, on or about April 26, 2015, HARDY contacted Individual A to purchase heroin. Individual A did not have heroin to sell HARDY on April 26, but Individual A called HARDY the next day. Individual A instructed HARDY to come to the intersection of West Warren Blvd. and North Sacramento Blvd. in Chicago to complete a heroin transaction.

2

Once he arrived at the intersection, HARDY arrived at approximately 10:30 p.m. HARDY contacted Individual A, who instructed HARDY to pull up to the apartment located at 2936 W. Warren. Once there, another individual exited the apartment and placed a small bundle containing what HARDY knew to be heroin in the trunk of HARDY's car. HARDY drove away.

Law enforcement attempted to stop HARDY's vehicle after he committed a traffic violation. HARDY did not stop, but fled. He merged onto the expressway and then struck another vehicle on the exit ramp. HARDY exited his vehicle and ran. A female adult passenger and a child also exited HARDY's vehicle and walked away.

Law enforcement officers recovered the bundle of heroin from HARDY's trunk. It contained 59.7 grams of heroin. HARDY acknowledges that he intended to distribute the heroin to his own wholesale or retail customers.

### Maximum Statutory Penalties

3.      Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a.      A maximum sentence of 20 years' imprisonment. This offense also carries a maximum fine of $1,000,000. Defendant further understands that the judge also must impose a term of supervised release of at least three years, and up to any number of years, including life.

b.      In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

3

## Sentencing Guidelines Calculations

4.     Defendant understands that in imposing a sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

5.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.     **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2015 Guidelines Manual.

b.     **Offense Level Calculations**.

i.     Pursuant to Guideline §§ 2D1.1(a)(5) and 2D1.1(c)(11), the base offense level is 18 because the offense involved 59.7 grams of heroin, which is more than 40 grams but less than 60 grams.

ii.     Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his

4

ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

       iii.     In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

       c.     **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 8 and defendant's criminal history category is IV:

       i.     On or about September 5, 1996, defendant was convicted in the Circuit Court of Cook County of manufacture and delivery of controlled substances, and was sentenced to 1 year probation and 40 hours' community service. Pursuant to Guideline § 4A1.2(e), defendant receives no criminal history points for this conviction.

       ii.     On or about October 7, 1998, defendant was convicted in the Circuit Court of Cook County of possession of between 30 and 500 grams of cannabis, and was sentenced to two years' probation. On September 8, 2000, defendant's probation was revoked, and defendant was sentenced to three years'

imprisonment. Pursuant to Guideline §§ 4A1.1(a) and 4A1.2(k)(1), defendant receives three criminal history points for this conviction.

        iii.     On August 25, 1999, defendant was convicted in the Circuit Court of Cook County of a title/registration offense, and was sentenced to two days' imprisonment. Pursuant to Guideline § 4A1.2(c)(2), defendant receives no criminal history points for this conviction.

        iv.     On or about November 30, 1999, defendant was convicted in the Circuit Court of Cook County of possession of a controlled substance, and was sentenced to two years' probation. On or about September 8, 2000, defendant's probation was revoked, and defendant was sentenced to four years' imprisonment. Pursuant to Guideline §§ 4A1.1(a) and 4A1.2(k)(1), defendant receives three criminal history points for this conviction.

        v.     On May 9, 2003, defendant was convicted in the Circuit Court of Cook County of misdemeanor resisting or obstructing a peace officer, and was sentenced to one year's supervision. Pursuant to Guideline § 4A1.2(c)(1), defendant receives no criminal history points for this conviction.

        vi.     On or about November 28, 2005, defendant was convicted in the Circuit Court of Cook County of possession of a controlled substance, and was sentenced to one year's imprisonment. Pursuant to Guideline § 4A1.1(b), defendant receives two criminal history points for this conviction.

        d.     **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense

level is 15, which, when combined with the anticipated criminal history category of IV, results in an anticipated advisory sentencing guidelines range of 30 to 37 months' imprisonment, in addition to any supervised release and fine the Court may impose.

      e.    Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

      6.    Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement

will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

7.  Each party is free to recommend whatever sentence it deems appropriate.

8.  It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

9.  Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

10.  After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the indictment as to defendant.

### **Acknowledgments and Waivers Regarding Plea of Guilty**

### **Nature of Agreement**

11.  This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 15 CR 381.

12.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

13.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.     **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.      The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove

prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.     If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

10

vii.     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

b.     **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

14.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

15.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

16.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to

and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

17.    For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

18.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing

12

financial statements and supporting records as requested by the United States Attorney's Office.

19.    Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

20.    Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

21.    Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by

13

the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

22.    Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

23.    Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

24.    Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.


AGREED THIS DATE: ___2/17/16___


_____
ZACHARY T. FARDON
United States Attorney

_____
ANDREW K. POLOVIN
Assistant U.S. Attorney

_____
NEKEYNA HARDY
Defendant

_____
ROBERT CLARKE
Attorney for Defendant


14